FILED BY _____ D.C.

05 JUL -6 PM 4: 43

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| DEANDRE WRIGHT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 04-2729 Ma/P |
| MARK LUTTRELL, et al., | ) ) | |
| Defendants. | ) ) ) | |

## ORDER GRANTING DEFENDANTS' MOTIONS

This action is brought under 42 U.S.C. § 1983 and state law based on an alleged assault on Plaintiff while he was being held in the Shelby County Jail. Before the court are the motion to dismiss of Defendant Deputy Jailers Nicole Houston-Triplett, Stephen Maples, Marilyn Calhoun, Tyvedokel Nettles, Shelvy Boone, and Gail Peppers (collectively "the Deputy Jailers"), filed December 1, 2004, and the motion to dismiss, or in the alternative, for summary judgment, of Defendant Sheriff Mark Luttrell, also filed December 1, 2004. Plaintiff Deandre Wright responded to both motions to dismiss on February 16, 2005. For the following reasons, the Deputy Jailers' motion is GRANTED, and Luttrell's motion, considered as one for summary judgment, is GRANTED.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___7-7-05___

23

## I. Background

The complaint alleges the following facts. On September 16, 2003, Plaintiff was incarcerated at the Shelby County Jail at 201 Poplar Avenue. (Compl. ¶ 12.) At approximately 6:18 a.m., inmate Brandon Johnson was released from his cell in administrative segregation for recreation time. At that time, Plaintiff was in his cell asleep, and Johnson reached into the cell, cutting Plaintiff across the face with a razor blade. (Id. ¶¶ 13-15.) Johnson was then restrained by jail employees, and Plaintiff was taken to the jail's medical facility and then to a hospital. (Id. ¶¶ 16-17.) After treatment, Plaintiff was returned to the pod and cell in which the assault had occurred.

Jail policy provides that officers issue razor blades to inmates every Monday and Friday, retrieve them at the end of each shift, and keep count so that each blade issued is returned. (Id. ¶¶ 18-19.)

## II. Jurisdiction

Because Plaintiff brings claims under § 1983, the court has jurisdiction over the subject matter under 28 U.S.C. § 1331. The Deputy Jailers argue, however, that Plaintiff has failed to comply with the requirements for service of process. They aver that a copy of the summons was left at their place of employment with an individual who was not authorized to accept service on their behalf. Federal law generally requires "personal service of a

2

summons and complaint upon each individual defendant. Without such personal service, a district court is without jurisdiction to render judgment against the defendant." Harris v. Cleveland, 190 F.R.D. 215, 217 (N.D. Ohio 1999)(citing Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988)).

Federal Rule of Civil Procedure 4 provides that service be made on an individual 1) according to the law of the State in which the district court sits, 2) by delivering a copy of the summons and complaint to the individual personally, 3) by leaving copies of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein, or 4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1) and (2).

The summons and complaint were not delivered to the Defendant Deputy Jailers personally or left at their respective places of residence. Further, Plaintiff has not shown that Tara Lomax, the individual with whom the summons and complaints were left, was authorized to accept service of process for the Deputy Jailers. In similar circumstances, courts have held that process was not served in accordance with federal law and have dismissed claims for lack of personal jurisdiction. See Harris, 190 F.R.D. at 219 n.9 (holding that defendant police officers were not properly served when plaintiff sent copies of complaint and summons by certified

3

mail and left copies of each at the defendants' places of employment); Shumway v. Hendricks, 1994 WL 672565, at *4 (N.D.N.Y. 1994)(dismissing suit under similar circumstances when plaintiff alleged that defendants acknowledged receipt of complaint and summons and were not prejudiced in any manner).

Tennessee law contains substantially similar requirements, providing for service

> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein ... or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Plaintiff's attempt does not meet Tennessee's requirements for service of process. See Toler v. City of Cookeville, 952 S.W.2d 831, 833-34 (Tenn. Ct. App. 1997)(holding that taping summons and complaint to defendant's door was not adequate service); see also Wallace v. Wallace, 1996 WL 411627, at *2 (Tenn. Ct. App. 1996)(finding that leaving summons at defendant's residence with defendant's son was insufficient where defendant had not evaded or attempted to evade service); Souter v. Brite, 1986 WL 5238, at *3 (Tenn. Ct. App. 1986)(holding that service was insufficient where summons was left at defendant's place of employment). Thus, service of process on the Deputy Jailers did not comply with Fed. R. Civ. P. 4(e).

Plaintiff argues, without citing any authority, that the

4

Deputy Jailers elevate "form over function" and that each defendant specifically acknowledged that the defendant received a copy of the complaint at his or her place of employment. Although each defendant acknowledges receiving a copy of the complaint from a third party, "the fact that the defendants had actual notice of the suit is ... immaterial." Harris, 190 F.R.D. at 217 (quoting Chasin, 845 F.2d at 116). Because the Deputy Jailers did not receive adequate process under federal law, the court does not have personal jurisdiction over them.

### III. Legal Standard

#### A. Conversion Under Rule 12(c)

Luttrell has filed a motion to dismiss, or in the alternative for summary judgment. Both parties have attached exhibits for the court's consideration and have directed their arguments to factual issues, such as the extent to which various defendants were aware of a risk of harm to Plaintiff. When the parties have submitted evidence in this manner, the court has discretion to decide the motion as one for summary judgment. Fed. R. Civ. P. 12(c) provides:

> If, on a motion asserting the defense numbered [12(b)](6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Because the parties have offered evidence about disputed factual

5

matters, the court will consider Luttrell's motion as one for summary judgment.

## B. Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S.

317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

## IV. Analysis

### A. Federal Claims

Plaintiff brings claims under § 1983 for violation of his rights under the Fourteenth and Eighth Amendments to the United States Constitution. The Due Process Clause is not implicated by a government official's lack of care in preventing an unintended injury. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Thus, claims arising from the failure to protect a prisoner from violence at the hands of fellow inmates generally arise from the Eighth Amendment's prohibition of cruel and unusual punishment. See, e.g., Griggs v. Brown, 787 F.2d 590 (6th Cir. 1986); McGhee v. Foltz, 852 F.2d 876 (6th Cir. 1988).

The Eighth Amendment requires prisons to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact

7

nature of the harm that may befall a particular inmate." Davis v. Brian, 182 F.3d 816 (Table), 1999 WL 503522, at *4 (6th Cir. 1999)(citing Farmer, 511 U.S. at 843-44). Prison officials can be liable for failure to prevent injury to a prisoner in violation of the Eighth Amendment if they act with "deliberate indifference" to a substantial risk of serious harm. Curry v. Scott, 249 F.3d 493, 506 n.5 (6th Cir. 2001)(citing Farmer, 511 U.S. at 834).

A prison official satisfies the deliberate indifference standard under the Eighth Amendment only if he "knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Davis, 182 F.3d at *3 (citing Farmer, 511 U.S. at 847). Prison officials may avoid liability if they did not know of the underlying facts indicating a sufficiently substantial danger and were, therefore, unaware of the danger, or if "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844. Thus, Plaintiff survives summary judgment against the prison officials if he offers evidence showing that they were aware of a likelihood that Plaintiff would be assaulted.

Luttrell argues that Plaintiff has failed to allege or show that any officers acted with deliberate indifference to the risk of harm to Plaintiff. Plaintiff alleges that various defendants "had actual knowledge of the dangerous conditions in the jail facility

8

in which the plaintiff was confined" and acted with deliberate indifference in "knowing that the Shelby County Jail issued razor blades to inmates which could then be used as weapons and not taking proper steps to alleviate the danger to the inmate population." (Compl. ¶¶ 20-21.)

Plaintiff does not allege that Johnson had previously assaulted or threatened to assault him. The only evidence of notice he offers is the incident report of Officer Triplett, stating that she was informed that "inmates Johnson and Wright had been arguing all night due to gang related issues."[1] (Pl. Resp. Ex. 6.) This evidence is insufficient to show that the prison officials were aware of a risk that Johnson would assault Plaintiff through the bars of his cell. See Davis, 182 F.3d at *5 (holding that two prior assaults by an inmate were insufficient to put the defendants on notice that the inmate would assault plaintiff). Thus, there is no material factual dispute about the prison officials' notice of the risk of harm to Plaintiff.

To the extent that prison officials may have been aware of a risk of harm to the plaintiff, their actions in response to that risk do not indicate deliberate indifference. At the time of the alleged assault, Plaintiff was asleep alone inside his cell. Separating an at-risk prisoner from a potential assailant is a

---

[1] It is unclear from the report whether Triplett was informed of the argument before or after the assault occurred. For purposes of this motion, the court assumes that Triplett was informed before the assault.

9

reasonable response to the risk allegedly presented. Nothing in the record indicates that the prison officials' response to the situation was constitutionally inadequate. There would be little reason to predict that a prisoner could be seriously harmed from outside his locked cell. Such a risk would occur only if, as in this case, the assailant was in possession of a weapon. Nothing in the record indicates that the prison officials knew or should have known that Johnson had a razor blade. Thus, their actions do not constitute a deliberate disregard of a risk of harm to Plaintiff.

Although Plaintiff avers that the policy of issuing razor blades constitutes deliberate indifference to his safety, his complaint states that "officers issue out razor blades to inmates every Monday and Friday which are to be retrieved at the end of the shift keeping count so that each blade issued is returned." Although, reading the evidence in the light most favorable to Plaintiff, there was an obvious violation of this policy by one or more prison officials, there is no indication from the record that the policy was disregarded generally or deliberately disregarded in this case.

Because Plaintiff has not established that any of the prison officials acted in violation of the Eighth Amendment, Plaintiff's constitutional claims against Defendant Luttrell under 42 U.S.C. § 1983 must be dismissed.

10

### B. State Claims

Supplemental jurisdiction is the sole basis for the court's jurisdiction over Plaintiff's state law claims. Under federal law, "[t]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A district court may, however, decline to exercise its supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction, (3) the district court has dismissed all claims over which it had original jurisdiction or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The court has dismissed all claims over which it had original jurisdiction. Therefore, the court finds it appropriate to decline supplemental jurisdiction over the remaining non-diverse state law claims pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, the court DISMISSES Plaintiffs' state law claims without prejudice.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss of the Deputy Jailers is GRANTED, and Sheriff Luttrell's motion for summary judgment is GRANTED. Plaintiff's federal claims are DISMISSED, and Plaintiff's state claims are DISMISSED without prejudice.

So ORDERED this 6th day of July 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:04-CV-02729 was distributed by fax, mail, or direct printing on July 7, 2005 to the parties listed.

---

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

M. Jake Werner
LAW OFFICE OF M. JAKE WERNER
46 N. Third St.
Ste. 628
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT